# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.:

**REEVE FERNANDES,**

    **Plaintiff,**

v.

**COMPLAINT**

**TRANS UNION LLC AND LOBEL FINANCIAL CORPORATION,**

    **Defendants.**

**DEMAND FOR JURY TRIAL**

_____/

## COMPLAINT

Plaintiff, Reeve Fernandes ("Plaintiff"), by and through counsel, files this Complaint against Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), and Defendant Lobel Financial, ("Defendant Lobel" or "Lobel"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

PAGE | **1** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant Trans Union LLC is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Lobel Financial Corporation is a California corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Lobel Financial is a "person" as defined by the FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

7. This action involves derogatory and inaccurate reporting of an alleged charged off account (the "Account") by Lobel to the Credit Reporting Agency, Trans Union LLC.

8. The Account beginning in #6686 is for a debt allegedly owed by Plaintiff to Lobel for a loan for an automobile.

9. Plaintiff never signed a contract with Lobel for the lease or purchase of a car in September of 2019.

10. In or around November 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The report listed the Account as charged off for an account that was fraudulently signed in his name and not paid for by the identity thief.

11. In or around November 2023, Plaintiff submitted a dispute to Defendant Trans Union requesting that it remove the Account from his Trans Union report.

12. In or around November 2023, Defendant Trans Union verified the Account as accurate despite receiving evidence from Plaintiff that the Account was fraudulent.

13. Plaintiff has suffered damages due to the fraudulent and delinquent Account being reported by Defendant Trans Union and furnished by Defendant Lobel.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14. As of the filing of this complaint, Defendant Trans Union is still reporting the Account on Plaintiff's Trans Union report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

15. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 of this Complaint.

16. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Trans Union, a consumer reporting agency.

17. In or around November 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around November 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

18. Defendant Lobel verified the Account. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the Account from Plaintiff's Trans Union credit report.

19. As of the filing of this complaint, Defendant Lobel's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

20. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

21. Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

22. Despite Defendant Trans Union having received Plaintiff's dispute of the Account, Trans Union continues to report the Account with an outstanding unpaid balance from Lobel.

23. Continuing to report the status of the Account in this fashion is significant.

24. By continuing to report the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

25. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

26. Trans Union failed to conduct a reasonable investigation and reinvestigation.

27. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

28. Trans Union failed to conduct an independent investigation and, instead, deferred to Lobel, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

29. Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

30. Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

31. Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Lobel despite being in possession of evidence that the information was inaccurate.

32. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

PAGE | 4 of 12

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

34. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

35. Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

36. Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

37. Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

38. The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

39. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

40. The appearance of the account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

41. As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

43. Plaintiff incorporates by reference paragraphs ¶¶ 1-14 above of this Complaint.

44. On at least one occasion within the past year, by example only and without

limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

45. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

46. On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

47. Additionally, Trans Union negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 1681i(c).

48. Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49. The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

50. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

52. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Lobel)

53. Plaintiff incorporates the allegations regarding the Account and Defendant Lobel in paragraphs ¶¶ 1-14 and by reference of this Complaint.

54. Defendant Lobel is a company that specializes in auto finance, providing auto loans to consumers.

55. In or about November 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Lobel.

56. In or about November 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Lobel.

57. In response to the Dispute, Defendant Trans Union promptly and properly gave

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

notice to Defendant Lobel of the Dispute in accordance with the FCRA.

58. As of the filing of this complaint, the debts have continued to be verified by Defendant Lobel.

59. Defendant Lobel is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

60. On a date better known by Defendant Lobel, Defendant Trans Union promptly and properly gave notice to Defendant Lobel of Plaintiff's Dispute in accordance with the FCRA.

61. In response to the notices received from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Lobel did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Dispute.

62. In response to receiving notice from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Lobel failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans Union could not otherwise verify.

63. Instead of conducting a reasonable investigation, Defendant Lobel erroneously validated the Account and continued to report inaccurate and fraudulent information to Defendant Trans Union.

64. On at least one occasion within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

65. On at least one occasion within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

66. On at least one occasion within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

67. Upon information and belief, Defendant Lobel was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

68. Defendant Lobel's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

69. As a direct and proximate result of Defendant Lobel's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

70. Defendant Lobel's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Lobel, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Lobel)

72. Plaintiff incorporates the allegations regarding the Account and Defendant Lobel in paragraphs ¶¶ 1-14 by reference of this Complaint.

73. On at least one occasion within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

74. On one or more occasions within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

75. On one or more occasions within the past year, by example only and without limitation, Defendant Lobel violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

76. When Defendant Lobel received notice of Plaintiff's dispute from Defendant Trans Union, Defendant Lobel could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

77. Defendant Lobel would have discovered that the information it was reporting about Plaintiff was inaccurate and the Account was fraudulent if Defendant Lobel had reviewed its own systems and previous communications with the Plaintiff.

78. Defendant Lobel's investigation was per se deficient by reason of these failures in Defendant Lobel's investigation of Plaintiff's Dispute.

79. As a direct and proximate result of Defendant Lobel's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix

PAGE | **11** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

80.     Defendant Lobel's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

81.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Lobel awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: May 8, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:   jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*